**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| RAEQUAN BENJAMIN,  )  )  Plaintiff,  )  )  v.  )  )  GLOBAL LANGUAGE CENTER,  )  )  Defendant.  ) | Case No. 1:25-cv-00243 (RDA/WBP) |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff's Motion for Leave to Proceed *in forma pauperis*. (ECF No. 2.) For the below reasons, Plaintiff's Motion is GRANTED.

District courts may authorize civil actions to commence "without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of assets." 28 U.S.C. § 1915(a)(1); *Dillard v. Liberty Loan Corp.*, 626 F.2d 363, 364 (4th Cir. 1980). Thus, in *forma pauperis* status is available to a party who can declare to the Court through an affidavit that he cannot, "because of his poverty, pay or give security for the costs and still be able to provide himself . . . with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotations omitted).

Plaintiff's application satisfies the standard to proceed *in forma pauperis* for the reasons below. In his affidavit, Plaintiff states that he has been unemployed since September 2024. (ECF No. 2 at 5.) Plaintiff states that he has only $73 in cash savings and his only asset is his car. (*Id.* at 2-3.) Plaintiff receives $1,776 per month in unemployment benefits but has monthly expenses of $1,400, and his only expenses are housing payments and food. (*Id.* at 1-2, 4-5.)

Having reviewed Plaintiff's affidavit, the Court finds that Plaintiff's financial situation warrants the opportunity to proceed with the matter *in forma pauperis*.

When a party is granted leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B) instructs that the court "shall dismiss" the action at any time if the court determines that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from suit.

A complaint can be frivolous when it lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). But district courts may conduct "a flexible analysis, in light of the totality of the circumstances" bearing on the frivolity of a claim. *Nagy v. FMC Butner*, 376 F.3d 252, 257 (4th Cir. 2004). Courts should dismiss baseless lawsuits that "paying litigants generally do not initiate because of the costs of bringing suit." *Neitzke*, 490 U.S. at 327.

Plaintiff alleges retaliation under Title VII of the Civil Rights Act ("Title VII"), failure to provide a reasonable accommodation under the Americans with Disabilities Act ("ADA"), and wrongful termination. (ECF No. 1 at 2.) The Court believes that this type of lawsuit would still be brought even if a litigant had to pay the costs of suing. Therefore, Plaintiff's claim is not frivolous.

When evaluating a case under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim, courts review the claim similarly to how they would review a dismissal under Federal Rule of Civil Procedure 12(b)(6). *See De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). "A complaint should not be dismissed for failure to state a claim . . . unless after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot

prove any set of facts in support of his claim entitling him to relief." *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002). When evaluating the claim, *pro se* pleadings should be liberally construed. *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980).

As stated above, Plaintiff alleges retaliation under Title VII, failure to provide a reasonable accommodation under the ADA, and wrongful termination. Each of these claims will be assessed individually.

Plaintiff's first claim is retaliation. Plaintiff claims that he reported workplace bullying and discrimination to Defendant's management and, shortly after raising these concerns, he was terminated. (ECF No. 1 at 1-2.) To establish a *prima facie* case of retaliation, a plaintiff must prove: (1) that the plaintiff engaged in a protected activity; (2) that the employer acted adversely against the plaintiff; and (3) that there is a causal connection between the protected activity asserted adverse action. *See Ziskie v. Mineta*, 547 F.3d 220, 229 (4th Cir. 2008).

Reporting discrimination to management is a protected workplace activity, as "[w]hen an employee communicates to [his] employer a belief that the employer has engaged in . . . a form of discrimination, that communication . . . constitutes the employee's *opposition* to the activity" and "Title VII's Opposition Clause . . . prohibits retaliation against an employee who has opposed any . . . unlawful employment practice [under] Title VII." *DeMasters v. Carilion Clinic*, 796 F.3d 409, 416-417 (4th Cir. 2015) quoting *Crawford v. Metro. Gov't of Nashville & Davidson Cnty., Tenn.,* 555 U.S. 271, 276 (2009) and 42 U.S.C. § 2000e-3(a) (internal quotations omitted). Plaintiff alleges that Defendant acted adversely against Plaintiff by firing him, *see Mohammed v. Cent. Driving Mini Storage, Inc*., 128 F. Supp. 3d 932, 944 (E.D. Va. 2015) (holding that termination is an adverse employment action), and Plaintiff claims that he was

terminated because he raised discrimination concerns with management (ECF No. 1 at 2.) Considering these allegations, Plaintiff has stated a retaliation claim under Title VII.

Plaintiff's second claim is that Defendant failed to provide Plaintiff with a reasonable accommodation under the ADA. (ECF No. 1 at 2.) Plaintiff claims that he requested to telework due to transportation hardships, and Defendant failed to engage in the interactive process before denying Plaintiff's accommodation request. (*Id.*) To prove an employer's failure to provide a reasonable accommodation under the ADA, a plaintiff must prove: (1) that he had a disability within the statutory meaning; (2) that the employer knew of the disability; (3) that a reasonable accommodation would permit him to perform the essential functions of his position; and (4) that the employer refused to make an accommodation. *Perdue v. Sanofi Aventis U.S., LLC*, 999 F.3d 954, 959 (4th Cir. 2021). Plaintiff has not pleaded that he has a disability and, therefore, has failed to state a claim under the ADA.

Plaintiff's third claim is wrongful termination. (ECF No. 1 at 3 at 2.) To prove wrongful termination based on race, a plaintiff can make a *prima facie* case by showing (1) that plaintiff is a member of a protected class; (2) that plaintiff was terminated; (3) that a person of another race engaged in conduct similar to plaintiff's; and (4) that the disciplinary measures taken against plaintiff were harsher than the other person's. *See Moore v. City of Charlotte, N.C.,* 754 F.2d 1100, 1105–06 (4th Cir.), *cert. denied,* 472 U.S. 1021 (1985). Besides alleging that he was terminated, Plaintiff has not pleaded any of the other elements for wrongful termination and thus has failed to state a claim for wrongful termination.

The Court finds therefore that Plaintiff has only stated a retaliation claim plausible on its face.

Even if a party is granted leave to proceed *in forma pauperis*, a court will dismiss the action if it seeks monetary relief from a defendant who is immune from suit. *Manship v. Trodden*, No. 1:07CV772 (TSE/TCB), 2007 WL 3143559, at *4 (E.D. Va. Oct. 22, 2007), *aff'd*, 273 F. App'x 247 (4th Cir. 2008) (holding that claims against a state prosecutor and judge must be dismissed under 28 U.S.C. § 1915(e)(2)(B)(iii) because the state prosecutor and judge have absolute immunity to civil suits). Here, nothing suggests that Defendant is immune from suit.

Therefore, because Plaintiff has showed financial need and because Plaintiff has stated a nonfrivolous, plausible retaliation claim against a nonimmune party, it is hereby

ORDERED that Plaintiff's Motion to Proceed *in forma pauperis* is GRANTED.

Entered this 18th day of February 2025.

Alexandria, Virginia

William B. Porter
United States Magistrate Judge