IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| RAEQUAN BENJAMIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:25-cv-00243 (RDA/WBP) |
| ) | |
| GLOBAL LANGUAGE TRANSITION, ) | |
| INC. d/b/a GLOBAL LANGUAGE ) | |
| CENTER, ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant Global Language Transition, Inc. d/b/a Global Language Center's Motion to Dismiss (Dkt. 10). This Court has dispensed with oral argument as it would not aid in the decisional process. *See* Fed. R. Civ. P. 78(b); Local Civil Rule 7(J). This matter has been fully briefed and is now ripe for disposition. Considering the Motion together with *pro* se Plaintiff Raequan Benjamin's Complaint (Dkt. 1), Defendant's Memorandum in Support (Dkt. 11), Plaintiff's Opposition Brief (Dkt. 15), and Defendant's Reply Brief (Dkt. 17), this Court GRANTS-IN-PART and DENIES-IN-PART the Motion for the reasons that follow.

## I. BACKGROUND

### A. Factual Background[1]

The recitation of facts here is drawn from the scant facts alleged in this three-page Complaint. Plaintiff Raequan Benjamin is a resident of Maryland and was employed by Defendant as a Program Assistant II from April 1, 2024, to September 10, 2024, in Arlington, Virginia. Dkt. 1 ¶¶ 3-5. Plaintiff alleges that he "verbally raised his concerns about workplace discrimination to multiple supervisory personnel." *Id.* ¶ 10; *see also id.* ¶ 6. Despite awareness of Plaintiff's concerns and prior positive feedback on Plaintiff's performance, Defendant "terminated Plaintiff shortly after" Plaintiff raised those concerns. *Id.* Plaintiff alleges that Defendant failed to follow its own disciplinary procedures with regard to his termination. *Id.* ¶ 8. Plaintiff also alleges that, during the course of his employment, an issue arose regarding accommodations. Plaintiff alleges that he requested "reasonable accommodation[s], including telework due to transportation challenges." *Id.* ¶ 9. Plaintiff alleges that his request was denied, although accommodation requests were granted to other employees for different reasons. *See id.*

### B. Procedural Background

On February 7, 2025, Plaintiff filed his *pro se* Complaint. Dkt. 1. In this Complaint, Plaintiff asserts three counts: (i) unlawful retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"); (ii) failure to provide a reasonable accommodation under the Americans with Disabilities Act ("ADA"); and (iii) wrongful termination.[2] Defendant filed its Motion to Dismiss on March 19, 2025. Dkt. 10. Defendant seeks to dismiss: (i) Count I in its entirety pursuant to

---

[1] For purposes of considering the instant Motion to Dismiss, the Court accepts all facts contained within the Complaint as true, as it must at the motion-to-dismiss stage. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[2] Plaintiff does not indicate whether Count III is asserted under Title VII, the ADA, or both.

2

Rule 12(c); (ii) Count II in its entirety pursuant to Rule 12(b)(6); and (iii) Count III in its entirety pursuant to Rule 12(b)(6). Dkt. 11. On March 31, 2025, Plaintiff filed his Opposition. Dkt. 15. Finally, on April 7, 2025, Defendant filed its Reply. Dkt. 17.

## II. STANDARD OF REVIEW

### A. Rule 12(c)

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Nonetheless, the standard of review for Rule 12(c) motions is the same "plausibility standard" that governs Rule 12(b)(6) motions. *Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014); *Travelers Indem. Co. of Connecticut v. Lessard Design, Inc.*, 321 F. Supp. 3d 631, 635 (E.D. Va. 2018). "A Rule 12(c) motion for judgment on the pleadings is appropriate when all material allegations of fact are admitted in the pleadings and only questions of law remain." *Wells Fargo Equip. Fin., Inc. v. State Farm Fire & Cas. Co.*, 805 F. Supp. 2d 213, 216 (E.D. Va. 2011) (quoting *Republic Ins. Co. v. Culbertson*, 717 F. Supp. 415, 418 (E.D. Va. 1989)), *aff'd*, 494 F. App'x 394 (4th Cir. 2012). A motion for judgment on the pleadings challenges a claim's sufficiency; "it does not resolve disputes over factual issues, the merits of a claim, or the applicability of a defense." *SunTrust Mortg., Inc. v. Simmons First Nat'l Bank*, 861 F. Supp. 2d 733, 735 (E.D. Va. 2012) (citing *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)). Thus, "judgment should be entered when the pleadings, construing the facts in the light most favorable to the non-moving party, fail to state any cognizable claim for relief[.]" *O'Ryan v. Dehler Mfg. Co.*, 99 F. Supp. 2d 714, 718 (E.D. Va. 2000).

### B. Rule 12(b)(6)

To survive a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a

complaint must set forth "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleaded factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). When reviewing a motion brought under Rule 12(b)(6), a court "must accept as true all of the factual allegations contained in the complaint," drawing "all reasonable inferences" in the plaintiff's favor. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted). "[T]he court 'need not accept the [plaintiff's] legal conclusions drawn from the facts,' nor need it 'accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (quoting *Kloth v. Microsoft Corp.*, 444 F.3d 312, 319 (4th Cir. 2006)). Additionally, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Generally, courts may not look beyond the four corners of the complaint in evaluating a Rule 12(b)(6) motion. *See Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015).

### III. ANALYSIS

Here, Defendant seeks to dismiss Plaintiff's claims of retaliation, failure to accommodate, and wrongful termination. Dkt. 11. Specifically, Defendant argues that Plaintiff failed to exhaust his administrative remedies, and has otherwise failed to state a claim for failure to accommodate and wrongful termination.[3] *Id.* The Court will address each argument in turn.

---

[3] The Court notes that Defendant does not address whether Plaintiff has otherwise plausibly pleaded a retaliation claim in Count I beyond its failure-to-exhaust argument. Accordingly, the Court will not do so *sua sponte*.

4

A. Failure to Exhaust

As a preliminary matter, Defendant argues that Plaintiff has not properly exhausted his administrative remedies. Before filing an action under Title VII or the ADA in federal court, a plaintiff must first exhaust his administrative remedies with the Equal Employment Opportunity Commission ("EEOC"). *See Fort Bend Cnty. v. Davis*, 139 S. Ct. 1843, 1846 (2019) ("As a precondition to the commencement of a Title VII action in court, a complainant must first file a charge with the [EEOC]."); 42 U.S.C. § 12117(a) (ADA incorporating Title VII administration exhaustion requirement). Specifically, a plaintiff must first timely file a charge with the EEOC. *See* 42 U.S.C. § 2000e-5(e)(1); 42 U.S.C. § 12117(a). In Virginia, an employee has "300 days from the last date of discrimination to file a charge with the EEOC." *Edelman v. Lynchburg Coll.*, 300 F.3d 400, 404 (4th Cir. 2002); *McCullough v. Branch Banking & Tr. Co.*, 35 F.3d 127, 131 (4th Cir. 1994) ("[T]he Americans with Disabilities Act (ADA) require[s] claimants to file a charge with the [EEOC] within . . . 300 days."). This "charge-filing requirement is a processing rule, albeit a mandatory one, not a jurisdictional prescription delineating the adjudicatory authority of courts." *Fort Bend Cnty. v. Davis*, 139 S. Ct. at 1851. After a plaintiff receives a right-to-sue letter from the EEOC, that plaintiff is then given 90 days to commence a civil action. *See* 42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. § 12117(a).

Here, Defendant argues that the Complaint "does not allege or demonstrate exhaustion of administrative remedies." Dkt. 11 at 4. Although Plaintiff did not attach or specifically reference the Charge of Discrimination and Determination and Notice of Rights in his Complaint, Defendant attached these documents to its Motion and argued that the Court should consider the documents in evaluating its Motion as integral to the Complaint. Dkt. 11 at 4 n.1; Dkt. 11-1; Dkt. 11-2.

Accordingly, the Court will consider the documents in evaluating Defendant's failure-to-exhaust arguments.

Defendant here specifically argues that because only three days elapsed between November 17, 2024, when Plaintiff filed his Charge of Discrimination with the EEOC, and November 20, 2024, when the EEOC issued a Determination and Notice of Rights, the EEOC must have improperly "issued the Notice without conducting the mandatory investigation required by the statute." *Id.* Defendant also argues that since the EEOC Notice fails to contain a written certification as required by 29 C.F.R. § 1601.28(a)(2), Plaintiff's claims must be dismissed. *Id.* at 5. Defendant thus claims that it is entitled to judgment on the pleadings pursuant to Rule 12(c). *Id.* at 4.[4]

The Court first notes that it is undisputed that Plaintiff filed a charge with the EEOC within 300 days of the alleged violations at issue in this action. As to Defendant's specific arguments, the Court notes that the EEOC Notice states that "[t]he EEOC will not proceed *further* with its investigation and makes no determination about whether *further* investigation would establish violations of the statute." Dkt. 11-2 (emphasis added). This letter is the official notice from the EEOC of its dismissal of Plaintiff's charge, and it suggests that the EEOC did investigate the matter before deciding not to move forward with the charge. As the Fourth Circuit noted, "public officials

---

[4] In its Reply, Defendant argues that because Plaintiff does not address Defendant's argument regarding Plaintiff's failure to exhaust administrative remedies in his Opposition, the Court should dismiss Plaintiff's Complaint on this basis as conceded. Dkt. 17 at 2. However, the Fourth Circuit has held that a district court has an obligation to review motions to dismiss to ensure that dismissal is proper, even if a plaintiff fails to challenge the motions. *See Stevenson v. City of Seat Pleasant*, 743 F.3d 411, 416 n.3 (4th Cir. 2014) ("Even though Appellants did not challenge the motions to dismiss, we note that the district court nevertheless has an obligation to review the motions to ensure that dismissal is proper."). Given Plaintiff's *pro se* status and the Court's analysis below, it is inappropriate to grant the motion to dismiss on this basis. Accordingly, the Court considers the merits of Defendant's Motion in this regard.

enjoy a 'presumption of regularity' in the performance of their official duties." *Mestanek v. Jaddou*, 93 F.4th 164, 172 (4th Cir. 2024) (quoting *Alfred A. Knopf, Inc. v. Colby*, 509 F.2d 1362, 1368 (4th Cir. 1975)). Accordingly, Defendant's mere skepticism, without authority, of the three-day review period is insufficient to set aside the agency's determination. As to the written certification requirement, Plaintiff is not responsible for the EEOC's failure to add this certification to his right-to-sue letter. *See Edelman*, 300 F.3d at 404 ("Once a valid charge has been filed, a simple failure by the EEOC to fulfill its statutory duties regarding the charge does not preclude a plaintiff's Title VII claim."); *Waiters v. Robert Bosch Corp.*, 683 F.2d 89, 92 (4th Cir. 1982) ("[T]he plaintiff is not responsible for EEOC's failure to notify Bosch of the charges within ten days of receiving the affidavit."). Finally, the Court notes that upon filing his Complaint on February 7, 2025, Plaintiff duly exercised his right to sue within the 90-day deadline. Accordingly, the Court finds that Plaintiff's claims have been properly exhausted and thus denies Defendant's request for judgment on the pleadings.[5]

## B. Count II: Failure to Accommodate

The Court next turns to Defendant's substantive arguments regarding Plaintiff's failure to accommodate claim. To state a claim under the ADA for a failure to accommodate, a plaintiff must allege "(1) that [he] was an individual who had a disability within the meaning of the statute; (2) that the [employer] had notice of [his] disability; (3) that with reasonable accommodation [he] could perform the essential functions of the position . . . ; and (4) that the [employer] refused to make such accommodations." *Wilson v. Dollar Gen. Corp.*, 717 F.3d 337, 345 (4th Cir. 2013) (citing *Rhoads v. F.D.I.C.*, 257 F.3d 373, 387 n.11 (4th Cir. 2001)). Qualifying disabilities

---

[5] In any event, the Court also notes that, although not raised by Plaintiff, judgment on the pleadings is likely inappropriate at this stage, as Defendant has not yet filed an Answer and, thus, the pleadings are not closed. Fed. R. Civ. P. 12(c).

under the ADA are: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of [the] individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2)(A). Under the ADA, a major life activity includes "performing manual tasks" and "working." *Id.* § 12102(2).

As Defendant correctly argues, Plaintiff does not plead sufficient facts to allege that he is a qualified individual with a disability under the ADA. Indeed, Plaintiff merely alleges that he requested reasonable accommodation "including telework due to transportation challenges" without reference to any specific disability. Dkt. 1 ¶ 9. Because Plaintiff has not identified any disability, the Court cannot determine whether the requested accommodation was reasonable. Moreover, Plaintiff fails to include any allegations regarding the nature of his work, which likewise precludes review of the plausibility of his claim of a failure to accommodate. Accordingly, Plaintiff fails to state a viable claim for failure to accommodate, and this claim will be dismissed.

### C. Count III: Wrongful Termination

Turning to Plaintiff's "wrongful termination" claim, it is fundamental that a complaint "give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555). Because Plaintiff fails to identify in the Complaint the statute or other law upon which his wrongful termination claim rests, the Court dismisses the claim without prejudice. Construing Plaintiff's Complaint liberally, the Court views Plaintiff as attempting to state a claim of wrongful discharge under Title VII and the ADA. Such construction does not save Plaintiff's claims, however, as Plaintiff's failure to allege that any act was taken based on a protected characteristic for purposes of Title VII and failure to allege a disability for purposes of the ADA renders Plaintiff's claims implausible. Alternatively, to the extent that Plaintiff is seeking relief under Virginia common law through a

public policy purportedly created by the Virginia Human Rights Act ("VHRA") in accordance with his argument in his Opposition, the Court agrees with Defendant that Virginia courts have foreclosed this claim. *See Doss v. Jamco, Inc.*, 254 Va. 362, 366 (1997).

## IV. CONCLUSION

In sum, Plaintiff has failed to state a claim for failure to accommodate or wrongful termination. Thus, Count II and Count III will be dismissed with leave to amend. Because the Court finds that Plaintiff has exhausted his administrative remedies, Count I will not be dismissed, and Defendant will not be entitled to judgment on the pleadings pursuant to Rule 12(c).

\* \* \*

Accordingly, for the foregoing reasons, it is hereby

ORDERED that Defendant's Motion to Dismiss (Dkt. 10) is GRANTED-IN-PART and DENIED-IN-PART. The Motion is granted insofar as it seeks dismissal of Counts II and III for failure to state a claim. The Motion is denied insofar as it seeks judgment on the pleadings for failure to exhaust administrative remedies; and it is

FURTHER ORDERED that Count II and Count III are DISMISSED WITHOUT PREJUDICE; and it is

FURTHER ORDERED that Plaintiff may file any Amended Complaint within FOURTEEN (14) DAYS of the entry of this Memorandum Opinion and Order. If Plaintiff fails to file an Amended Complaint by that date, the Court will assume that Plaintiff is foregoing his failure-to-accommodate and wrongful-termination claims and will issue a scheduling order.

It is SO ORDERED.

Alexandria, Virginia
November 13, 2025

/s/
Rossie D. Alston, Jr.
United States District Judge